J-A10006-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| RYAN STANFORD LEE | : | |
| | : | |
| Appellant | : | No. 3803 EDA 2015 |

Appeal from the Judgment of Sentence July 16, 2015
In the Court of Common Pleas of Montgomery County
Criminal Division at No(s):  CP-46-CR-0007659-2014

BEFORE:   GANTMAN, P.J., McLAUGHLIN, J., and RANSOM*, J.

MEMORANDUM BY GANTMAN, P.J.:                    **FILED JULY 03, 2018**

Appellant, Ryan Stanford Lee, appeals from the judgment of sentence entered in the Montgomery County Court of Common Pleas following his jury trial convictions for retaliation against a witness, aggravated assault, simple assault, recklessly endangering another person, firearms not to be carried without a license, and persons not to possess a firearm.[1]  We affirm.

In its opinion, the trial court fully and correctly sets forth the relevant facts and procedural history of this case.  Therefore, we have no need to restate them.

Appellant raises the following issues for our review:

_____

[1] 18 Pa.C.S.A. §§ 4953(a), 2702(a)(1), 2701(a), 2705, 6106(a)(1), 6105(a)(1), respectively.

_____
*   Retired Senior Judge assigned to the Superior Court.

WHETHER APPELLANT'S SIXTH AMENDMENT RIGHT TO A FAIR TRIAL WAS VIOLATED BY THE TRIAL COURT'S ADMISSION OF CUMULATIVE TESTIMONY REGARDING A PRIOR UNPROVEN SHOOTING, WHICH IN THE AGGREGATE, FAR RESULTED IN UNFAIR PREJUDICE WHICH FAR EXCEEDED THE PROFFERED PROBATIVE VALUE OF THE EVIDENCE?

WHETHER APPELLANT'S RIGHT TO CONFRONTATION WAS VIOLATED BY THE TRIAL COURT'S ADMISSION OF TESTIMONY OF OUT-OF-COURT STATEMENTS DIRECTLY IMPLICATING APPELLANT IN A PRIOR SHOOTING, INCLUDING, *INTER ALIA*, THAT AN INVESTIGATIVE GRAND JURY FOUND APPELLANT SOLELY RESPONSIBLE FOR THE PRIOR SHOOTING?

WHETHER THE TRIAL COURT ERRED IN OVERRULING APPELLANT'S OBJECTION TO THE PROSECUTOR'S STATEMENT IN OPENING ARGUMENT THAT APPELLANT WAS RELEASED FROM JAIL JUST PRIOR TO THE INCIDENT UNDERLYING THE PRESENT CASE, WHERE THE ASSERTED FACT EXCEEDED THE TRIAL COURT'S ORDER *IN LIMINE* WHICH SPECIFICALLY DELINEATED THAT WHICH THE COMMONWEALTH WAS PERMITTED TO ADMIT RELATIVE TO APPELLANT'S PRIOR CASE, AND UNFAIRLY PREJUDICED APPELLANT FROM THE OUTSET?

(Appellant's Brief at 5).

After a thorough review of the record, the briefs of the parties, the applicable law, and the well-reasoned opinion of the Honorable Thomas P. Rogers, we conclude the Appellant's issues merit no relief. The trial court opinion fully discusses and properly disposes of the questions presented. (*See* Trial Court Opinion, filed May 3, 2017, at 15-34) (finding: **(1)** evidence of 2013 shooting involving Appellant was relevant and necessary to establish motive and intent to retaliate against Victim for Appellant's mistaken belief that Victim had "snitched" on Appellant in grand jury proceedings;

Commonwealth did not offer evidence to show Appellant's propensity to commit crimes; probative value of evidence outweighed prejudicial effect; moreover, court twice gave jury cautionary instruction that had been crafted and agreed upon by counsel; jury acquitted Appellant on charges of attempted first degree murder and aggravated assault with deadly weapon, which showed jury could properly weigh evidence; **(2)** initially, Appellant did not object at trial to Detective Mitchell's testimony regarding grand jury information, so any challenge to this testimony is waived; moreover, Commonwealth offered Detective Mitchell's testimony to explain his course of conduct as investigator in 2013 grand jury; Detective Mitchell testified that Appellant had received copy of 2013 criminal complaint, which explained how Appellant learned of Victim's appearance before grand jury; this evidence supported Commonwealth's theory of case; testimony supported Commonwealth's theory about Appellant's motive for shooting at Victim; moreover, Victim testified immediately after Detective Mitchell; counsel had plenty of opportunity to confront Victim; court permitted reading only small portion of 2013 criminal complaint to show it mentioned Victim's name and his grand jury testimony; **(3)** Appellant did not initially object at trial to Detective Mitchell's testimony regarding other grand jury witnesses or ballistic evidence that implicated Appellant in 2013 shooting; thus, those claims are waived; prosecutor's opening statement noting Appellant's time in prison did not violate motion *in limine* order, which

specifically made information of Appellant's guilty plea to 2013 charges admissible; further, court advised jury that opening statements are not evidence). Accordingly, we affirm based on the trial court's opinion.

Judgment of sentence affirmed.

Judge McLaughlin joins this memorandum.

Judge Ransom did not participate in the consideration or decision of this case.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 7/3/18